UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESTER WILLIAMS #136544,

        CASE NO. 18-cv-13608

    *Plaintiff,*      DISTRICT JUDGE VICTORIA A. ROBERTS
                        MAGISTRATE JUDGE PATRICIA T. MORRIS

*v.*

KIK, *Corrections Officer*,

    *Defendant.*
_____/

## ORDER OF DISMISSAL AFTER SCREENING

**I.**    **Screening Standards**

Plaintiff Lester Williams' *in forma pauperis* (IFP) complaint is before the Court for screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted . . . .

42 U.S.C. § 1997e(c)(1). Likewise, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

1

The U.S. Supreme Court held that a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Furthermore, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

## II. Plaintiff's Complaint

Plaintiff's complaint alleges the room in which he was housed at the G. Robert Cotton Correctional Facility (JCF) did not contain flushable toilets, urinals, or sinks. (R.1 at PageID.4.) Plaintiff also explains that facility counts are done on the first shift for the level in which he is housed, level 2, "at 11:00 a.m. and usually lasts until 11:30 a.m.." (*Id*.) Plaintiff is HIV positive, has Hepatitis B, Dementia, and Chronic Obstruction Pulmonary Disease. He also uses a walker or wheelchair but can stand and walk for very short periods. (R.1 at PageID.5.)

Plaintiff says that on July 4, 2018, Defendant announced over the Unit PA system that inmates had to use bathroom facilities right then, and would not be able to do so thereafter until count is over. (*Id*.) Plaintiff used the bathroom and returned to his room. (R.1 at PageID.6.) Plaintiff then describes, in excruciating detail, the difficulties he experienced in waiting to use the restroom again until after the count was completed. (R.1 at PageID.6.) Plaintiff finally told his roommate that he was going to ask Defendant for permission to use the bathroom and that he hoped Defendant would not give him a hard time "because on several occasions prior to July 4th, 2018, Officer Kik has refused to allow Plaintiff to use the bathroom during count and told Plaintiff not to ever ask because it won't happen." (*Id*.) Because of his discomfort, Plaintiff, though fearful, "stuck his head out and yelled up to the officer's station: 'Officer Kik, I gotta use

3

the bathroom bad, I can't hold my urine any longer, and I have a weak immune system!'" (R.1 at PageID.7.) Defendant "responded by shouting, 'No, shut your door!'" (*Id*.)

Plaintiff shut his door but experienced continuing issues which he vividly describes in his Complaint. (R.1 at PageID.8.) Plaintiff urinated on himself and informed his cellmate that he was HIV positive such that his cellmate should remain in his bunk. (R.1 at PageID.7-8.) The prison count was completed "about 10 minutes later" and Plaintiff then went into the hallway and told Defendant someone needed to clean the room with a "bio-kit"; then Plaintiff took a shower, cleaned himself up, and used the bathroom. (R.1 at PageID.8-9.) When Plaintiff returned, his room was being cleaned with a "bio-kit" as Plaintiff had requested. (R.1 at PageID.9.) Plaintiff was told by another inmate that Defendant was "angry with Plaintiff[]." (*Id*.)

On the next day, Plaintiff was given a misconduct ticket for being out of place during the count. He maintained he had not done anything wrong. Nonetheless, he was found responsible and lost privileges for three days. (R.1 at PageId.10.) Plaintiff appealed to the JCF Deputy Warden but the Deputy Warden found Plaintiff had admitted to opening his door during count to ask about using the bathroom; that was sufficient to support the ticket; thus, Plaintiff was again denied relief. (R.1 at PageID.11.).

Plaintiff also filed grievances related to these events. They were denied. (R.1 at PageID.11-15.) Plaintiff indicates that he "was allowed to use the bathroom during count" on October 12 and 13, 2018, and that he "has resorted to urinating in a pop bottle on several occasions during count, on the days when Defendant is working." (R.1 at PageID.18-19.)

4

Plaintiff alleges that these facts support two claims: (1) Eighth Amendment deliberate indifference; and (2) First Amendment Retaliation.

### III. Analysis and Conclusion

#### 1. Eighth Amendment claim

In *Estelle v. Gamble*, the Supreme Court held "that deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment's Cruel and Unusual Punishment Clause because it constitutes the "unnecessary and wanton infliction of pain" and is "repugnant to the conscience of mankind" by offending our "evolving standards of decency." 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 97, 104 (1976)). To establish a cognizable claim, Plaintiff's allegations must show Defendant's "sufficiently harmful" acts or omissions. *Id.* at 106. "[I]nadvertent failure to provide adequate medical care . . . will not violate the Constitution." *Id.*

The "deliberate indifference" inquiry incorporates objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective inquiry asks whether the deprivation was "sufficiently serious," which a claimant satisfies where her condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)) (internal quotation marks omitted). The subjective inquiry considers whether official's state of mind was sufficiently culpable; it requires a showing that an official "'knows of and disregards an excessive risk to inmate health or safety[.]'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at

837). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.*

In the context of access to bathrooms, our Circuit has made clear that temporary deprivations, especially during a prison count, do not rise to the level of a violation of constitutional rights. *McNeal v. Kott*, 590 F. App'x 566, 571 (6th Cir. 2014) (punishment for exiting the count to use the bathroom, even before the offer of incontinence pads was made to the inmate, was not a violation of any clearly established right; therefore, the officer was entitled to qualified immunity); *Hartsfield v. Vidor*, 199 F.3d 305, 309-10 (6th Cir. 1999) ("deprivations of fresh water and access to the toilet for a [twenty-]hour period, while harsh, were not cruel and unusual"). In contrast, deprivations of access to a bathroom for seven hours with additional aggravated circumstances such as being chained to an outdoor hitching post in the Alabama heat, *Hope v. Pelzer*, 536 U.S. 730 (2002), or being deprived of access to a bathroom for twelve hours with hands cuffed behind the back and being deprived of water and food, *Barker v. Goodrich*, 649 F.3d 428 (6th Cir. 2011), were found to at least potentially state a claim for deliberate indifference.

As one magistrate judge in our district summarized, "there may be clearly established law that denial of the use of a bathroom constitutes an Eighth Amendment violation under certain circumstances, e.g., where the deprivation is for a significant period of time; where the denial is one part of a number of serious deprivations (such as being chained to a post in the hot sun or handcuffed overnight in a cell); where the officer has actual knowledge of an inmate's medical condition that requires frequent bathroom use; or where there is no legitimate penological justification for the denial." *Aiken v. Mack*, No. 15-12016, 2017 WL 9472753, at *5 (E.D. Mich.

Feb. 21, 1017) (finding no such circumstances present where, taking all of the complaint's allegations as true, there was no evidence that being HIV positive necessitated frequent bathroom use that the officer should have been aware of).

Similarly, in this case, Plaintiff only alleges that he "takes various medications for these health problems, most requiring that he drink water." (R.1 at PageID.5.) He does not allege any condition that necessitates frequent bathroom use. As stated in *Aiken*, being HIV positive does not translate to an obvious need for frequent bathroom use. Accordingly, Defendant could not have had actual knowledge of any condition necessitating special treatment of Plaintiff during the prisoner count and thus, could not have been deliberately indifferent to any serious medical needs of Plaintiff with respect to bathroom usage.

The Court finds that Plaintiff did not suffer any deprivation of constitutional magnitude when he was denied bathroom use during the count (for, at most, one hour) after having been specifically warned to use the bathroom before the count and where he did, in fact, use the bathroom just before the count began. (R.1 at PageID.6.)

### 2. First Amendment claim

To prevail on a First Amendment retaliation claim, a plaintiff must show: (1) the plaintiff engaged in constitutionally-protected conduct; (2) the defendant's adverse action would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection exists between elements one and two; that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc); *Kennedy v. City of Villa Hills*, 635 F.3d 210, 217 (6th Cir. 2011).

Plaintiff's complaint alleges that he was engaged in protected conduct when he "informed defendant that he wanted to see the Sergeant or higher authority about the incident" and when he opened his door, "sticking his head out and asking for permission to use the bathroom during count[.]" (R.1 at PageID.20.) He also alleges adverse action when he was given a misconduct ticket that must have been "to punish him" since there was "no legitimate or penological reason for issuing the out of place misconduct against Plaintiff[.]" (R.1 at PageID.21.)

For purposes of this Order, I assume that the misconduct ticket is adverse action and that it was motivated, at least in part, by Plaintiff's conduct. However, I find this retaliation claim is nonetheless fatally flawed since Plaintiff was not engaged in any protected conduct. As the Deputy Warden found and as cited by Plaintiff, Plaintiff had admitted to opening his door during count to ask about using the bathroom and that alone was sufficient to support the ticket. (R.1 at PageID.11.) Thus, Plaintiff's conduct was not protected conduct.

Plaintiff also filed grievances related to these events. He told Defendant he was going to complain to a higher authority (R.1 at PageID.20.), but these complaints or grievances would be frivolous and not protected conduct. An inmate's right to file grievances is protected only insofar as the grievances are non-frivolous, i.e., legitimate or more than *de minimis*, *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). Since Plaintiff's grievances would not be legitimate, he cannot state a claim for retaliation.

IV. **Conclusion**

Plaintiff failed to state a claim for which relief can be granted on both of his alleged claims, His case is dismissed with prejudice.

**IT IS SO ORDERED.**

                                              s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: 2/11/19